FILED
JANUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 50006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PARIS GARDNER, | |
| Plaintiff, | |
| vs. | No. _____ |
| OFFICER BEN JOHNSON, OFFICER STEVE JOHNSON, AND THE CITY OF ROCKFORD, ILLINOIS, | Hon. Judge Frederick J. Kapala |
| | Hon. Mag. Judge P. Michael Mahoney |
| Defendants. | Jury Trial Demanded |

## COMPLAINT AT LAW

The plaintiff, PARIS GARDNER, by SOULE, BRADTKE & LAMBERT, states the following as his claims against the above named Defendants, OFFICER BEN JOHNSON, OFFICER STEVE JOHNSON (hereinafter "DEFENDANT OFFICERS'), and the CITY OF ROCKFORD, ILLINOIS:

### JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.      Plaintiff PARIS GARDNER is formerly a resident of Winnebago County, and is presently a resident of DeKalb County, Georgia. He is a citizen of the United States.

3.      The DEFENDANT OFFICERS were at all times relevant hereto officers of the Rockford Police Department.

1

## FACTS

4. On or about January 9, 2006, the DEFENDANT BEN JOHNSON, *inter alia,* in the City of Rockford, Illinois, without any justification, after being aware that plaintiff's arm had been amputated and that plaintiff had a broken collar bone and shoulder injury, sprayed Plaintiff in the eyes with mace, manhandled Plaintiff, grabbing and twisting various parts of his body, shoved plaintiff to the ground onto his injured shoulder and amputated arm using the defendant Ben Johnson's hands and knee (further grievously injuring plaintiffs' shoulder), forcefully dragged plaintiff across a driveway, and physically restrained and arrested him. This conduct constituted an unreasonable seizure of the Plaintiff in violation of the Fourth Amendment to the United States Constitution.

5. Much of this misconduct was witnessed by City of Rockford employee Jonetta Goodwin.

6. On or about January 9, 2006, the Plaintiff did not resist arrest and/or batter any of the DEFENDANT OFFICERS or any other law enforcement officers.

7. On or about January 9, 2006, the Plaintiff did not obstruct justice and/or assault any of the DEFENDANT OFFICERS or any other law enforcement officers.

8. The DEFENDANT OFFICERS of the City of Rockford, while knowing that Plaintiff did not commit any criminal acts, conspired to fabricate evidence in a police report and/or criminal complaint and/or traffic citation so as to cover-up their act(s) of misconduct in injuring the Plaintiff and then to have the Plaintiff prosecuted for criminal misconduct.

9. On or about January 9, 2006, and/or any time thereafter, the DEFENDANT OFFICERS did not charge the Plaintiff with a criminal offense other then that which relates to an

ordinance violation ticket for alleged noise, and one count of resisting a peace officer. All charges against Plaintiff were dismissed on December 3, 2007.

10. The use of force initiated by DEFENDANT BEN JOHNSON caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

11. The Plaintiff was arrested by DEFENDANT BEN JOHNSON and other City of Rockford officers notwithstanding the fact that the Plaintiff, on said day, had not committed an act contrary to the laws of the State of Illinois. Further, the DEFENDANT OFFICERS failed to witness and knew that the Plaintiff did not commit an illegal act of any sort.

12. Notwithstanding the above, the DEFENDANT OFFICERS drafted and contributed to a police report and/or criminal complaint and/or traffic citation that indicated that Plaintiff had committed the criminal offense indicated above.

13. The charges lodged in the police report and/or criminal complaint and/or traffic citation were false and submitted by DEFENDANT BEN JOHNSON under false pretenses. Said charges were designed to cause criminal litigation to be lodged against the Plaintiff without probable cause and/or any legal cause, given that said charges were devoid of any legal basis ab initio. Further, the DEFENDANT OFFICERS withheld information from the State's Attorney as to the true facts that unfolded on January 9, 2006, when they arrested the Plaintiff. Further, the DEFENDANT OFFICERS contributed and facilitated a report of an "investigation" that was false and unsubstantiated in order to cover up for the conduct of the defendants.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

15. On or about January 9, 2006, and during the time period that an investigation was allegedly conducted by them, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint, were duly appointed and were sworn police officers for the CITY OF ROCKFORD. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacities.

16. The DEFENDANT OFFICERS conspired with each other to injure the Plaintiff by, *inter alia,* generating false documentation to cover-up for their own misconduct.

17. In connection with the above conspiracy, the DEFENDANT OFFICERS and other Rockford officers involved specifically engaged in communication on or about, and following, the date of the Plaintiff's arrest, whereby DEFENDANT OFFICERS and other Rockford officers involved agreed to facilitate, engage in and support the activity which occurred in connection with the above-referenced allegations. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused the Plaintiff to be charged and prosecuted with criminal allegations, incur financial loss, including attorney's fees and, inter alia, suffer emotional damage.

18. The actions of the DEFENDANT OFFICERS in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged and pursued against the Plaintiff, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly against the Plaintiff, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

19. The Plaintiff is a member of a protected class (a potential plaintiff to a cause of action) and he was treated differently as a result of having a potential claim against the

DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating the Plaintiff differently, trying to cause further injury to Plaintiff by illegally generating and perpetuating false evidence against and criminally charging Plaintiff, specifically due to his status as a person who was involved in an incident and a victim of excessive force and/or other police misconduct by the DEFENDANT OFFICERS. Further, Plaintiff was similarly situated to other individuals involved in incidents with police officers but that were not the victims of excessive force and/or other police misconduct.

20. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF ROCKFORD to perform the following acts and/or omissions in connection with excessive force, false arrest and malicious prosecution complaints that are directed at the Rockford Police Department:

   a. Supervisory individuals from the CITY OF ROCKFORD fail to properly discipline officers from said police department that have committed acts of excessive force upon another;

   b. Supervisory individuals from the CITY OF ROCKFORD fail to properly investigate complaints of excessive force perpetrated by CITY OF ROCKFORD police officers, upon another;

   c. Supervisory individuals from the CITY OF ROCKFORD fail to take proper remedial action against CITY OF ROCKFORD police officers once it is determined that an act of excessive force has been committed by said officers, upon another;

   d. Supervisory individuals from the CITY OF ROCKFORD fail to properly discipline officers from said police department that have committed acts of false arrest upon another;

   e. Supervisory individuals from the CITY OF ROCKFORD fail to properly investigate complaints of false arrest perpetrated by CITY OF ROCKFORD police officers, upon another;

   f. Supervisory individuals from the CITY OF ROCKFORD fail to take proper remedial action against CITY OF ROCKFORD police officers

    once it is determined that an act of false arrest has been committed by said officers, upon another;

  g. Supervisory individuals from the CITY OF ROCKFORD fail to properly discipline officers from said police department that have committed acts of malicious prosecution upon another;

  h. Supervisory individuals from the CITY OF ROCKFORD fail to properly investigate complaints of malicious prosecution perpetrated by CITY OF ROCKFORD police officers, upon another;

  i. Supervisory individuals from the CITY OF ROCKFORD fail to take proper remedial action against CITY OF ROCKFORD police officers once it is determined that an act of malicious prosecution has been committed by said officers, upon another.

21. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF ROCKFORD for a significant period of time, so much so, that police officers for the CITY OF ROCKFORD recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF ROCKFORD in order to permit said conduct to re-occur.

22. The CITY OF ROCKFORD is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers involved in the allegations and incidents referenced in this Complaint, as indicated in the Monell claim alleged herein. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF ROCKFORD.

## COUNT I
### § 1983 Excessive Force Claim Against Defendant Ben Johnson

23. Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

6

24.     The actions of the DEFENDANT BEN JOHNSON amount to an excessive use of force onto the Plaintiff.  This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

25.     The aforementioned actions of said officer were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages against the DEFENDANT BEN JOHNSON, punitive damages, costs and attorney's fees.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### § 1983 False Arrest Claim Against Defendant Ben Johnson

26.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

27.     The actions of the DEFENDANT BEN JOHNSON caused the arrest of the Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. DEFENDANT BEN JOHNSON'S conduct, and the conduct of other officers responding to the scene and transporting and incarcerating the plaintiff, was in violation of the Fourth Amendment to the United States Constitution.

28.     The aforementioned actions of DEFENDANT BEN JOHNSON and other responding officers and supervisors whose identities are not known to plaintiff were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages against DEFENDANT BEN JOHNSON, punitive damages, costs and attorney's fees.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### *Monell* Claim Against the CITY OF ROCKFORD

29. Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF ROCKFORD, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Conspiracy Claim Against Defendant Officers

30. Plaintiff re-alleges paragraphs 1 – 22 as though fully set forth herein.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, inter alia the Fourth and Fourteenth Amendment.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

### COUNT V
### Equal Protection Claim Against Defendant Officers

32. Plaintiff re-alleges paragraphs 1 – 22 as though fully set forth herein.

33. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

34. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

Plaintiff demands trial by Jury.

                              Respectfully submitted,

                              /s/ Jennifer K. Soule
                              _____
                              Jennifer K. Soule

Dated:  January 4, 2008

Jennifer K. Soule
Kelly K. Lambert
Soule, Bradtke & Lambert
155 North Michigan Avenue
Suite 504
Chicago, Illinois  60601
312.616.4422 (telephone)
312.616.4423 (telefax)

F:\Corel\Cases\Gardner\Complaint.wpd

9