IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PARIS GARDNER,<br><br>                 Plaintiff,<br><br>vs.<br><br>OFFICER BEN JOHNSON,<br>OFFICER STEVE JOHNSON, AND<br>THE CITY OF ROCKFORD, ILLINOIS,<br><br>                 Defendants. | No.   08 C 50006<br><br>Hon. Judge Frederick J. Kapala<br><br>Hon. Mag. Judge P. Michael Mahoney<br><br>Jury Trial Demanded |

### Plaintiff's Motion To Compel Production Of Investigation Report

Plaintiff, by his counsel, hereby seeks an order compelling defendants to produce the internal investigation report of plaintiff's complaint of misconduct in its entirety. Plaintiff's counsel and counsel for defendant conferred about the subject of this motion on June 11, 2008, but were unable to reach an accord, and informed the Court that this motion would be filed and presented telephonically for setting of a briefing schedule.

In support of this motion, plaintiff states as follows:

1.     This is a case in which the plaintiff, an amputee, and at the time of the incident a 46 year old with no criminal record or warrants for his arrest, was, without provocation (allegedly in response to an unfounded noise complaint), maced, thrown to the ground and subjected to excessive force by defendant Ben Johnson. Thereafter, defendants charged plaintiff with resisting arrest (the charges were ultimately dismissed) and failed to adequately investigate a complaint filed by the plaintiff.

2.     Defendants failed to produce documents and reports concerning the incident at issue in this case when, on April 2, 2008, they produced just two one page narrative police incident reports

with their initial Rule 26(a)(1) disclosures. Defendants did not assert any privileges or objections to producing any documents, and were silent as to any additional documents that might exist. Being otherwise aware through verbal information from the plaintiff and the Winnebago County Public Defender's Office that additional reports surely existed, plaintiff's counsel moved to compel complete disclosures under Rule 26(a)(1).

3.     On May 7, 2008, the Court required full production, under the terms of a protective order proposed by the defendants. Defendants have not caused a protective order to be entered by the Court, but the parties are operating under its terms, pursuant to the Court's order. Thus, all documents designated "confidential" by the parties will be subject to confidentiality, used for purposes of this litigation only, and not made public or a part of the court record without prior order of Court or agreement by the parties.

4.     On May 21, 2008, in response to plaintiff's motion relating to its Rule 26(a)(1) disclosures, defendants produced various additional documents accompanied by a cover letter. The documents are represented to have been contained in an investigation file created as a result of the plaintiff making a complaint to the Rockford Police Department on January 14, 2006 concerning (a) the conduct of the police towards him on January 9, 2008, and (b) the failure of the Department to adequately investigate the situation.

5.     Defendants' cover letter stated, "[t]he defendants are claiming a self-critical analysis privilege for the documents outlining the findings of the internal investigation. The remaining documents comprising the internal investigation file are attached." Exhibit A. Defendants also at that time responded to plaintiff's first Request For Production of Documents seeking all documents relating to the plaintiff, and defendant asserted that the investigation report was subject to the "self-critical analysis privilege."

6.	It is apparent from the production itself that at least two documents, in addition to the investigation report, have not been produced. First, though one of the documents produced states that the results of the investigation were sent to the plaintiff, that letter to the plaintiff with the results of the investigation has not been produced by defendants and it is no longer in plaintiff's possession. Secondly, the reports that have been produced refer to a citation or ticket that the officer filled out concerning a noise complaint against the plaintiff. Defendant has not produced it.

7.	There is no question that the investigation was initiated solely upon the complaint of the plaintiff, and that the withheld document was generated because of plaintiff's own complaint.

8.	There is no question from the documents produced that the investigation was closed prior to April 17, 2006.

9.	The report at issue in this case relates to the facts and circumstances of the incident in question. The report at issue also relates to the nature and adequacy of defendants' response to the incident. Plaintiff has specifically alleged failure to adequately investigate. (Compl ¶¶13, 15-18, 20, 30) The report in its entirety relates to this claim and is reasonably calculated to lead to admissible evidence. Plaintiff has alleged, and defendant has answered, a <u>Monell</u> claim. (Compl ¶¶21-22, 29). This claim relates to the Department's failure to adequately train officers, as well as to a policy of failing to adequately investigate allegations of excessive force.[1] The contents of the report in its entirety relate to this allegation.

10.	The plaintiff has a need for the report in order to prepare his case, as well as to be given a fair opportunity to conduct discovery and depositions. Moreover, defendant's witnesses and counsel have been privy to the withheld report in its entirety. As a matter of fairness, plaintiff should

---

[1] Plaintiff has served a Second Request For Production Of Documents concerning discovery of these claims.

have access to it.

11.    The report will be subject to the terms of confidentiality under the protective order and used solely for the purposes of this litigation. Thus, any considerations favoring its non disclosure will be satisfied.

12.    The various reports that have been produced reveal significant factual inconsistencies on the part of defendants, thus heightening the plaintiff's need for the report.

13.    It is believed by plaintiff that defendant Steve Johnson was responsible for the investigation, and he will necessarily be deposed. It is likely that defendant Steve Johnson is either the author of or significant contributor to the withheld report.

14.    The "self-critical analysis" privilege arguably exists or is assumed for sake of argument to exist in this jurisdiction. See, Morgan v. Union Pacific R.R., 182 F.R.D. 261, 264 (N.D. Ill 1982). The Court must balance the public interest in protecting candid corporate self-assessments against the private interest of the litigant in obtaining all relevant documents through discovery. Morgan, 182 F.R.D. at 264. In ordering the documents produced in that case, the Morgan court recognized the plaintiff's need for the documents in order to prepare his case. Morgan, 182 F.R.D. at 267.

15.    The Morgan Court's analysis is, by definition of the elements of the privilege, limited to private corporations who undertake candid corporate self-assessments in order to comply with the law, because one of the elements of the privilege is that the materials must have been prepared for mandatory government reports. Morgan, 182 F.R.D. at 264, citing, Tice v. American Airlines, 192 F.R.D. 270, 272 (N.D. Ill. 2000).

16.    As noted in Ludwig v. Pilkington North America, Inc., 2004 WL 1898238 at *2 (N.D. Ill.), "courts in this district that have assumed the existence of the self-critical analysis privilege have

required the party seeking to assert the privilege to show that (1) the information sought resulted from a self-critical analysis undertaken by the party seeking protection, (2) the public has a strong interest in preserving the free flow of the information sought, (3) the information is of the type whose flow would be curtailed if discovery were allowed, and (4) the document was prepared with the expectation that it would be kept confidential and has in fact been kept confidential."

17. Plaintiff has been unable to locate any case precedent supporting the proposition that completed investigation reports resulting from citizen complaints of excessive force and the like by police agencies, in part or in their entirety, may be withheld based on the self-critical analysis privilege.

18. In <u>Hobley v. Jon Burge, et. al.</u>, 2006 WL 1460028 at *3 (N.D.Ill 2006), the Court noted that the City had not in that case cited any authority demonstrating that the self-critical analysis privilege has ever been successfully invoked by a governmental entity. In that case, the court undertook an analysis of whether an audit reporting significant deficiencies in inventorying and handling evidence that was disclosed in discovery under a confidentiality order should be produced in a manner available to the public, assuming *arguendo* that there is a self-critical analysis privilege that can be invoked by a governmental entity. The Court found that the City had not demonstrated that the flow of the information would be curtailed if the audit was made public.

19. In <u>Spina v. Forest Preserve of Cook County</u>, 2001 WL 1491524 (N.D.Ill. 2001), the defendant produced a completed internal investigation report of a personnel matter in discovery, but claimed self-critical analysis privilege on order to block its introduction at trial. The Court therefore addressed the self-critical analysis privilege in the context of admissibility at trial of an internal investigation report concerning a personnel matter, and allowed its introduction because (a) the defendant could not demonstrate that the report was a "mandatory government report" under the

rationale of Hardy v. New York News, Inc., 114 F.R.D. 633, 641 (S.D.N.Y. 1987), and (b) the plaintiff's need for the report far outweighed its exclusion.

20. In the first instance, the self-critical analysis privilege, assuming it exists, does not apply here. The investigation summary and findings resulting from a specific complaint of excessive force and failure to address alleged police misconduct in a particular case cannot be said to have resulted from a "self-critical analysis" of the kind subject to the privilege.

21. If the Court finds that the arguable privilege would apply to the report and findings at issue, the defendant cannot demonstrate that the flow of the information would be curtailed if the report is produced in discovery. This is particularly true since the investigation is long closed, and since the document can be produced under a confidentiality order.

22. Even if the Court found that the self-critical analysis privilege might apply to the report at issue, the plaintiff's need to discover and utilize the report in preparing his case outweighs any policy considerations that favor its non disclosure.

WHEREFORE, the plaintiff requests that the Court enter an Order requiring defendants to produce the following documents within 5 days: a) the identified investigative report concerning plaintiff's complaint in its entirety, b) the citation or ticket concerning the incident that is referenced in the documents produced, but that has not been produced, and c) the letter to the plaintiff informing him of the findings of the investigation, which has not been produced.

Respectfully Submitted,

/s/ Jennifer K. Soule
Jennifer K. Soule, One of Plaintiff's Attorneys

Jennifer K. Soule
**Soule, Bradtke & Lambert**
155 North Michigan Avenue, Suite 504
Chicago, Illinois 60601
312-616-4422 (telephone)
312-616-4423 (telefax)

# EXHIBIT A



May 21, 2008

*Patrick W. Hayes*
*Director*
*Legal Department*

Sent via email to jenksoule@aol.com

Jennifer Soule
Soule, Bradtke & Lambert
155 N. Michigan Avenue, Suite #155
Chicago, Illinois 60601

    Re:    Gardner v. Johnson, et al.
            Case No.: 08 C 50006

Dear Attorney Soule:

Attached please find the documents supplementing the Defendants' initial Rule 26(a)(1) Disclosure. The Defendants are claiming a self-critical analysis privilege for the documents outlining the findings of the internal investigation. The remaining documents comprising the internal investigation file are attached. It is my understanding you will comply with the proposed protective order we discussed on May 7, 2008, until further ruling by the Court.

Very truly yours,

Angela L. Hammer
Assistant City Attorney