IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PARIS GARDNER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OFFICER BEN JOHNSON,<br>OFFICER STEVE JOHNSON, AND<br>THE CITY OF ROCKFORD, ILLINOIS,<br><br>　　　　　　Defendants. | No.　08 C 50006<br><br>Hon. Judge Frederick J. Kapala<br><br>Hon. Mag. Judge P. Michael Mahoney<br><br>Jury Trial Demanded |

**Plaintiff's Reply to Defendants' Brief in Opposition to Plaintiff's Motion to Compel**

Plaintiff sought a court order compelling defendants to produce the complete investigative report created by defendant City as a result of plaintiff's complaint as well a noise ordinance violation ticket, which defendants claim led to plaintiff's arrest and any letter created by defendant informing plaintiff of the result of the investigation. Defendants, in their response to plaintiff's motion to compel, have not responded in any way to plaintiff's request for the noise ordinance violation ticket or with respect to any letter created by defendant informing plaintiff of the result of the investigation, and as such should be ordered to provide them forthwith. Defendants assert the self critical analysis privilege with respect to producing the complete investigative report. However, given plaintiff's allegations, the obvious relevance the complete investigative documents have in proving his allegations, and given the agreement to treat the document confidentially, plaintiff is entitled to the complete investigative report.

In his complaint, plaintiff has alleged a Monell claim asserting that defendant City has a practice and/or custom that has fostered and allowed its employees to engage in acts of excessive force, false arrest and malicious prosecution complaints. (Compl ¶¶ 20-22, ¶29)  In this regard,

-1-

plaintiff alleges that defendant City has failed to properly discipline officers, failed to properly investigate complaints and failed to take proper remedial action. The full investigative report (as well as information on other complaints, which were sought in a subsequent document request) are necessary, relevant and reasonably calculated to lead to discoverable information on this issue.

The suggested pattern jury instructions in civil cases for the 7th Circuit include instructions on what proof is required by a plaintiff in establishing the liability of a municipality, which requires plaintiff to prove by a preponderance, in this case, that defendants Ben Johnson and Steve Johnson conduct was a result of defendant's official policy. (7th Circuit proposed jury instruction 7.19 Liability of Municipality, based on Monell). In defining "official policy" the instructions include this provision: "A custom of [describe acts or omissions alleged to constitute constitutional violation] that is persistent and widespread, so that it is [defendant City]'s standard operating procedure. A persistent and widespread pattern may be a custom even if [defendant City] has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. [This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.]" (7th Circuit proposed jury instruction 7.20 Liability of Municipality: Definition of "Official Policy"). Plaintiff's allegations that defendant City has failed to properly discipline officers, properly investigate complaints and to take proper remedial action certainly fall within the acts or omissions that make up an official policy. Clearly, the complete investigative report relating to the complaint initiated by plaintiff as a result of defendant Ben Johnson's conduct (as well as information on other complaints) is necessary and relevant in proving plaintiff's allegations.

Even without the Monell claim, the document should be produced, as it is relevant and reasonably calculated to lead to the discovery of admissible evidence concerning plaintiff's claims

of excessive force. The interest of the plaintiff in the document outweighs an at best arguable privilege asserted by the defendants. Moreover, the parties have agreed that, without further Order of the Court, the document will be treated confidentially and only be disclosed to the parties to this case. The document concerns plaintiff's own complaint, and is written by a witness plaintiff will depose.

    Defendants' assertion of a self critical analysis privilege, especially given the nature of the circumstances and plaintiff's claims, is misplaced and the full investigative report should be produced forthwith.

                                          Respectfully Submitted,

                                          /s/ Jennifer K. Soule
                                        Jennifer K. Soule, One of Plaintiff's Attorneys

Jennifer K. Soule
Kelly K. Lambert
**Soule, Bradtke & Lambert**
155 North Michigan Avenue, Suite 504
Chicago, Illinois 60601
312-616-4422 (telephone)