IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PARIS GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER BEN JOHNSON,<br>OFFICER STEVE JOHNSON, AND<br>THE CITY OF ROCKFORD, ILLINOIS,<br><br>    Defendants. | Case No. 08 C 50006<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

    This is an excessive force case rooted in the arrest of plaintiff which took place on January 9, 2006. Defendants' initial 26(a)(1) production revealed the existence of an investigation file which was created as a result of plaintiff's complaints to the Rockford Police Department concerning plaintiff's arrest and plaintiff's dissatisfaction with the Department's failure to adequately investigate his allegations of the arresting officers' wrongdoing. *See* Plaintiff's Motion to Compel at 1. Defendant begrudgingly produced some of the content of the investigation file once the court granted plaintiff's motion to compel defendants to do so. *See* Docket entry 22. However, defendants have withheld portions of the investigation file, including the investigation report, claiming the "self-critical analysis privilege." *See* Defendants Response to Plaintiff's Motion to Compel at 1. Plaintiff's current motion seeks the production of the remainder of the investigation file despite this asserted privilege.

    The self-critical analysis privilege has never been adopted as federal common law by the Seventh Circuit. *See Burden-Meeks v. Welch,* 319 F.3d 897, 899 (7th Cir. 2003). However, the

privilege has on occasion been recognized by courts within the Northen District of Illinois. *Tice v. American Airlines*, 192 F.R.D. 270 (N.D. Ill. 2000); *Ludwig v. Pilkington N. Am., Inc.*, 2004 WL 1898238 at *1-2 (N.D. Ill. 2004); *Hobley v. Burge*, 2006 WL 1460028 (N.D. Ill. 2006).

This court addressed whether the City of Rockford could assert the privilege on April 30, 2001, in *DeLuna v. City of Rockford*, No. 00 C 50040. *DeLuna* was a § 1983 wrongful death case concerning a fatal shooting and an allegation of excessive force. The discovery at issue was a Firearm Review Board Report completed by the Rockford Police Department. Such reports were mandatory whenever an officer used force resulting in the death of an individual. These reports were compiled to encourage the police department to adopt changes in policy and training where needed.

In *DeLuna* this court applied a four part test in determining that the self-critical analysis privilege applied, finding that: 1) the information sought resulted from a critical self-analysis undertaken by the party asserting the privilege; 2) the public has a strong interest in preserving the free flow of the type of information sought; 3) the information is of a type whose flow would be curtailed if discovery were allowed; and 4) the document was prepared with the expectation that it would be kept confidential and has, in fact, been kept confidential. *See Tice* at 273; *Ludwig* at *2; *Hobley* at *2. This court found that only the recommendations and conclusions of the Review Board were subject to the privilege. The part of the report containing factual, objective information was not considered privileged. Defendant was permitted to produce a redacted copy of the report, omitting only those portions which reflected the recommendations and conclusions of the Firearm Review Board.

In this case, defendant may have effectively waived the privilege by disclosing the

investigation's results to plaintiff. Documents already produced to plaintiff confirm that the investigation's results were mailed to plaintiff at some point, though he no longer retains copies of that letter and defendant has not produced it pursuant to Rule 26(a)(1). *See* Plaintiff's Motion to Compel at 3. The fourth element necessary to establish the applicability of the privilege requires that the preparing party intend to keep the material confidential when preparing it in addition to actually keeping the material confidential once it has been prepared. This element cannot be met by defendant in this case as to the investigation's results since they were already disclosed to plaintiff.

Defendants are to produce the letter they previously sent to Plaintiff concerning the results of the investigation, along with whatever citations or tickets were issued to plaintiff. To the extent that the investigation report contains the investigator's subjective critique of the arresting officer's conduct or police department policies, defendants may redact those portions of the report before producing it. In the event that the investigation report is devoid of any subjective critique of conduct or policies, defendant is to produce the entire unredacted report. Defendant is to comply with this order within ten days. In the event that plaintiff is not satisfied with defendants' production he is to bring it to the court's attention and the court will consider conducting an in camera inspection of the investigation report.

ENTER: _____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: August 13, 2008

3