IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PARIS GARDNER<br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICER BEN JOHNSON, OFFICER STEVE JOHNSON, and THE CITY OF ROCKFORD, ILLINOIS<br>　　　　Defendants. | Case No. 08 C 50006<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

This case arises from an incident of alleged excessive force committed by defendant police officers against Plaintiff on January 10, 2006. Before the court are Defendants' Motion to Reconsider the court's January 20, 2009 ruling, and Plaintiff's Motion to Compel.

On January 20, 2009, this court conducted an in camera review of one page out of a rough draft of a findings report prepared by Lt. Steven Johnson of the City of Rockford Police Department's Office of Professional Standards ("OPS") (formerly the Internal Affairs Division). The page in question had been sent by OPS to the City Attorney, John Giliberti. Giliberti had then made handwritten notes in the margins of the draft and returned it to OPS. Upon review, this court determined that the rough draft and the handwritten notes "merely reframe[d] and recessitate[d] the facts," and did not constitute legal advice. *Gardner v. Johnson, et al.*, No. 08-C50006, at *2 (N.D. Ill. Jan. 20, 2009). Because the document, including Giliberti's notes, did not give or seek legal advice, the magistrate judge found that it was not subject to the attorney-client privilege, and ordered the Defendants to produce the document.

1

On March 16, 2009, the Defendants filed a Motion to Reconsider the magistrate's January 20, 2009 ruling. In support of the motion, Defendants have submitted Giliberti's affidavit, in which he testifies, "In this case, OPS . . . forwarded the draft of the internal investigation results from the [Plaintiff's] complaint to me for my review and legal advice. During my review of said document, I made several handwritten comments on the face of the document based on my legal opinion." (Giliberti Aff. 2.) Defendants argue that the affidavit is evidence that the document, including Giliberti's handwritten notes, constitutes the exchange of legal advice and is protected under the attorney-client privilege.

Although Giliberti's notes on the draft still appear factual in nature to the court, it is a nonissue. After the magistrate issues a nondispositive order, parties have 10 days from the time they are served with a copy of the order to serve and file objections. *Fed. R. Civ. P.* 72(a). If parties file timely objections, the district judge in the case must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. "A party may not assign as error a defect in the order not timely objected to." *Id*.

The magistrate's order compelling production of the page from the draft report, on which Giliberti made handwritten notes, was a nondispositive order under Rule 72(a). The order was issued on January 20, 2009, and Defendants' Motion to Reconsider was filed on March 16, 2009, 55 days later. The Defendants' motion was filed well after the 10 day window to appeal had passed, and the court must deny it as untimely. The court will return the document to Defendants, and instructs Defendants to produce the document to Plaintiff.

Next, the court addresses that portion of Plaintiff's Motion to Compel which seeks documents requested in Plaintiff's Second Request for Production of Documents. (Pl.'s Mot. Ex.

D.) Specifically, Plaintiff seeks documents responsive to Document Request 12, which states, "For the time period between January 10, 2001 to the present, any and all complaints, made against the Rockford Police Department or against any of its employees, for use of excessive force by one of its agents or employees." (*Id.*) Also, Plaintiff seeks the documents requested in Document Request 13, which states, "Any and all documents sufficient to identify the results of any internal investigations conducted of the complaints as described in Document Request # 12." (*Id.*)

At the hearing on October 15, 2008, Defendants submitted to the court an affidavit by Lt. David Hopkins, the officer in charge of the OSP, testifying that the "complaints" sought under Document Request 12 are organized by a card catalogue system, and they are not searchable by the nature of the complaint or inquiry. Further, Hopkins' affidavit states that "production of all complaints for excessive force against Rockford Police Department for a five year period would require a minimum of [80] hours." (*Id.* Ex. E.)

After considering the burden to which the Defendants represented they would be subjected in producing the complaints sought from January 10, 2001 to the present, the court ordered that Defendants produce documents responsive to the document requests for one year prior to the incident, instead of five. (Hr'g Tr. 4:7–10, Oct. 15, 2008.) In doing so, the court warned the Defendants,

> Now, I'm going to see how much is produced at that point in time. I'm going to take input from counsels as to whether I should go back further. The problem is that I may go back further. I don't know how far, depending upon the circumstance, and that actually may create more burden for your office. If your officer tells you look, its just as easy for me to look at two years as one year, okay, then have him do the two years now.

(*Id.* 4:15–22.)

At Lt. Hopkins' deposition, held on February 18, 2009, the following exchange took place on direct examination:

> Q: If the police department was asked by the board or somebody to give a report of all the complaints of excessive force, could they do that prior to this early warning system?
> A: Yes.
> Q: How?
> A: You'd have to look in every file.
> Q: But those statistics weren't kept or grouped in any way?
> A: You'd have to pull every file and look inside.
> Q: And in your experience has that ever been requested?
> A: I had to do a year's worth, and that was pretty cumbersome because you have to look in every single file.

(Hopkins Dep. 107:19–108:8, Feb. 18, 2009.) Plaintiff argues that this testimony proves that finding the complaints lodged against officers for excessive force that date back one year prior to the incident would require the same search as finding those complaints that date back five years prior to the incident. (Pl.'s Mot. 3.) Both searches would require going through each individual officer's file. Thus, the burden is almost the same for producing the complaints that date back to 2001 as producing the complaints that date back to 2005. According to Plaintiff, under the court's above quoted caveat given at the October 15, 2008 hearing, Defendants should have produced all the documents instead of just those dating back to one year prior to the incident.

At the hearing on March 18, 2009, the court took the motion under advisement and suggested that the parties take a week to discuss whether bifurcating Plaintiff's *Monell* claims, and then stipulating to the last two prongs set forth under *Monell* upon a satisfaction of the first prong, would be appropriate under the circumstances. *See Gaughan et al. v. Crawford et al.*, No. 05-C4664, 2008 U.S. Dist. LEXIS 107910, at *5–16, (N.D. Ill. July 24, 2008) (J. Kapala); *Monell v. Dep't of Soc. Servs. Of New York*, 436 U.S. 658, 692 (1978) (holding that a plaintiff

must prove the following three prongs to state a claim against a municipality: (1) the deprivation of a constitutional right, (2) that action that deprived the plaintiff of his constitutional right was taken pursuant to a custom, policy or practice of the local government unit, and (3) that such action was the cause of the deprivation). Doing so might eliminate the need for this discovery altogether.

The court has received no communications from either party regarding such a discussion, and will decide the merits of the motion. But, the court seeks input from the parties. The court grants Defendants until April 24, 2009 to respond, and grants Plaintiff until May 1, 2009 to submit a reply.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: April 10, 2009